UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JO LYNN SNIPES, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:11-cv-00743 |
| | § | |
| SUNTRUST MORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Pending before the Court are the plaintiff's, Jo Lynn Snipes (the "plaintiff"), Motion to Remand (Dkt. No. 6) and the defendant's, SunTrust Mortgage Inc. (the "defendant"), response in opposition to the plaintiff's motion (Dkt. No. 10). After having carefully considered the motion, the response, the record and the applicable law, the Court determines that the plaintiff's Motion to Remand should be DENIED.

### II.    FACTUAL BACKGROUND

The plaintiff, a Texas resident, owns the real property located at 19410 Woolongong Drive, Katy, Harris County, Texas 77449 (the "property"), which she financed through the defendant, a Virginia corporation, pursuant to a mortgage contract dated June 27, 2003. Some time in late 2008, the plaintiff got behind in her mortgage payments. During this time, she received multiple notices of sale and correspondence from the defendant advising of various programs available to assist her in modifying her loan and/or bringing her mortgage payments current. Eventually, with family assistance, she was able to bring her mortgage current and pay all outstanding fees, including attorney's fees owed to the defendant for its collection efforts.

Nevertheless, despite her efforts, she alleges that the defendant failed to properly credit her account and began wrongful collection/foreclosure efforts in an effort to ruin her credit.

Consequently, on December 30, 2010, the plaintiff commenced the instant action against the defendant for "illegal collection/foreclosure efforts and for failing to properly credit her account. Specifically, she alleges claims for breach of contract, intentional infliction of emotional distress, common law fraud, gross negligence and various violations of state and federal statutes. She also seeks injunctive relief to prevent the foreclosure of her property and further harm to her credit, along with attorney's fees, costs, pre-judgment and post-judgment interests as well as a myriad of damages. On February 11, 2011, the plaintiff served the defendant with a copy of her Original Petition. On March 3, 2011, the defendant timely removed the state-court action to this Court, asserting that this Court has federal question and diversity jurisdiction over the instant action.

The plaintiff now moves to remand the action to the Harris County state court where it was originally filed.

## III.   CONTENTIONS OF THE PARTIES

### A.   The Plaintiff's Contentions

The plaintiff argues that the defendant's removal of this case was improper because the Court lacks subject matter jurisdiction. First, she contends that federal question jurisdiction does not exist because her claims do not raise a substantially disputed federal issue. Second, she asserts that diversity jurisdiction is non-existent because the damages she seeks are less than the jurisdictional minimum. Finally, she maintains that since there is no original jurisdiction, no supplemental jurisdiction exists over her remaining state law claims. Accordingly, she asks that the Court remand this case to state court.

### B.    The Defendant's Contentions

The defendant contends that the plaintiff's motion to remand lacks merit and should be denied because the Court has federal question, supplemental, and diversity jurisdiction over the instant action.  It argues that federal question jurisdiction exists because the plaintiff's complaint seeks relief under three federal statutes.  Additionally, it asserts that, because the Court can properly exercise federal question jurisdiction over this case and the plaintiff's state law claims arise from the same nucleus of operative facts as her federal claims, the Court may exert supplemental jurisdiction over the plaintiff's remaining state-law claims.  Further, the defendant argues that diversity jurisdiction exists because the plaintiff's extensive list of damages, when viewed in light of her request for injunctive relief, are more than sufficient to satisfy the jurisdictional minimum required.  Accordingly, the defendant maintains that the Court should retain jurisdiction over the instant action.

## IV.    STANDARD OF REVIEW

The applicable statute provides two grounds for remand:  (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28 (1995).  A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion.  28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction.  *See* 28 U.S.C. 1441(a).  Since federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims.  *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United*

*States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151.  Further, the party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction.  *Id*.  Any doubt as to the district court's jurisdiction must be resolved in favor of remand.  *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § § 1331, 1332.  In this case, both federal question and diversity jurisdiction are at issue.

When determining whether a claim "arises under" federal law, courts are to reference the well-pleaded complaint.  *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 -10 (1983)).  In this regard, an action is said to "arise under" federal law within the meaning of § 1331, if a federal question is an ingredient of the action or when the allegations involve a disputed question of federal law or requires resolution of a substantial federal question. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Bd.*, 463 U.S. at 12, 103 S. Ct.  at 2848).  "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow*, 478 U.S. at 813 (internal citations omitted).  Likewise, "[b]ecause arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the

ostensible importance of a federal forum are never necessarily dispositive." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (citing *Merrell Dow*, 478 U.S. at 810). Rather, the test turns on whether "[the] state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

With regard to diversity jurisdiction, "the diversity statute requires 'complete diversity' of citizenship:  A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of nominal or formal parties who have no real interest in the dispute. *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). The test for determining "[w]hether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . ." *La. v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 - 67 (5th Cir. 2006) (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006)) (other internal quotations omitted). Stated another way, "the test is whether or not a named party's 'role in the law suit is that of a depositary or stakeholder.'" *Union Oil Co. of Cal.*, 458 F.3d at 367 (quoting *Tri-Cities, Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970) (internal citations omitted). Nonetheless, the burden of establishing that removal was proper and that federal

jurisdiction exists rests with the removing party.  *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989).

## V.    ANALYSIS AND DISCUSSION

### A.    Federal Question Jurisdiction

As an initial matter, the plaintiff seeks to remand this case on the grounds that federal question jurisdiction is non-existent.  The defendant, in contrast, argues that the Court may exercise subject matter jurisdiction over this action because the plaintiff has specifically alleged claims arising under federal law pursuant to 28 U.S.C. § 1331.  The applicable federal statute provides that "district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (emphasis added).  "A case 'aris[es] under' federal law within the meaning of § 1331, . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689 - 90 (2006) (citing *Franchise Tax Bd.*, 463 U.S. at 27 - 8).  Generally, federal question jurisdiction is "governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, the plaintiff is the master of her claim and may avoid federal jurisdiction by exclusively relying on state law.  *Caterpillar*, 482 U.S. at 392.

In the present case, the plaintiff chose not to exclusively rely on state law in order to avoid federal jurisdiction and undeniably seeks relief against the defendant for its violations of both state and federal law.  Specifically, in her Original Petition she alleges that the defendant

violated three federal statutes, namely the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692A, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § § 1601, 1692, 1691.   She also maintains that the "[d]efendant's actions violate various provisions of the [aforementioned] federal . . . laws." (Dkt. No.1, ¶ X.)   As a result of these alleged violations, she seeks economic damages and damages for severe emotional distress and mental anguish.   Because the plaintiff unequivocally alleges claims arising under federal law, the Court determines that it has subject matter jurisdiction over her claims pursuant to § 1331 and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367[1], since her state-law claims form part of the same case or controversy as her federal claims.

### B.      Diversity Jurisdiction

Even assuming that federal question jurisdiction is non-existent in this case, the defendant argues that the Court may still exercise subject matter jurisdiction over this action because diversity jurisdiction exists.   The plaintiff, in contrast, alleges that remand of this case is appropriate because the amount in controversy is insufficient to meet the jurisdictional minimum of $75,000, exclusive of interest and costs.   While she does not contest that the parties are of diverse citizenship, she, nonetheless, maintains that her claims, *in toto*, fall well below the statutory jurisdictional minimum.   Specifically, she argues that at the time of removal, her claims included late and other fees in the amount of $206.43, actual damages in the amount of

---

[1] 28 U.S.C. § 1367(a) provides, in relevant part, the following:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

$1,500.00, medical expenses in the amount of $1,591.21, lost wages in the amount of $750.00, compensation for the defendant's gross negligence in the amount of $11,523.63, and attorney's fees, court costs and expenses in the amount of $16,500.00, which together amounts to only $32,221.27—which is substantially less than the $75,000 jurisdictional minimum required. Nonetheless, the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 rests with the defendant. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 - 39 (5th Cir. 2003); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

Establishing that the amount in controversy exceeds $75,000 can be accomplished in one of two ways.  First, the defendant can show that "the plaintiff's original state court petition makes it 'facially apparent' that plaintiff's claims exceed the jurisdictional amount."  *Powell v. Nat'l Action Fin. Servs., Inc.*, No. H-05-0806, 2005 WL 1866150, at *2 (S.D. Tex. Aug. 4, 2005) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Second, when, as here, "the amount in controversy is not facially apparent . . . the [defendant can establish] jurisdiction by presenting facts sufficient to support a finding that the amount in controversy exceeds $75,000."  *Powell*, 2005 WL 1866150 at *2 (citing *Asociacion Nacional de Pescadores A Pequene Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994)).

In this case, the plaintiff's Original Petition alleges only general amounts of damages and it is not otherwise facially apparent that the amount in controversy exceeds the jurisdictional minimum.  However, as the defendant insinuates, the plaintiff's Original Petition also seeks injunctive relief restraining the defendant from "pursuing any further collection/foreclosure efforts."  (Dkt. No. 1, ¶ V.).  It is well-settled law that "the amount in controversy[] in an action

for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (quoting *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983)).

The parties disagree on the value of the right that the plaintiff seeks to protect in this case. The plaintiff, in her motion to remand, appears to indicate that her claims arise from a simple breach of contract and that the ownership of her home is not at issue.  However, in her Original Petition, she alleges a claim for injunctive relief asserting that the defendant's "actions threaten irreparable harm to [her] by continuing illegal collection/foreclosure efforts, by failing to properly credit [her] account and by refusing to remove invalid data from [her] credit reports." (Dkt. No. 1, ¶ V.).  She also alleges that her "[h]ome is unique and the loss of her [h]ome by wrongful foreclosure is irreparable." *Id.*  Finally, she requests that the Court "order that [the d]efendant immediately remove the invalid credit information from [her] credit reports and that [it] be restrained from pursuing any further collection/foreclosure efforts during the pendency of this action." *Id.*  Thus, an appropriate measure of the injunctive relief sought in this case does necessarily include the fair market value of the plaintiff's property as the defendant suggests. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961) (noting that when the right to property is at issue in suits for injunctions, the fair market value of the property rather than the damages that may be suffered determines whether the amount in controversy has been satisfied).

A recent tax appraisal produced by the defendant from the Harris County Appraisal District lists the current fair market value of the plaintiff's property at $65,856.  (*See* Dkt. No. 10, Ex. C.)  This amount, when combined with the extensive list of damages contained in the plaintiff's Original Petition make it more likely than not that the amount in controversy will exceed the jurisdictional minimum.  In addition to the damages previously set forth, the plaintiff

also seeks the following unspecified damages:  (1) economic damages; (2) emotional distress and mental anguish damages; (3) statutory damages, including treble damages; and (4) exemplary damages.  (*See* Dkt. No. 1 at 13).   Further, the plaintiff has failed to refute the defendant's proffered evidence "with a sworn, unrebutted affidavit" indicating that the amount in controversy is not present or is insufficient.  *See Dow Quimica*, 988 F.2d at 566 (reasoning that the plaintiff may contest removal "with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." ).   Although she has produced a sworn affidavit in support of her motion to remand, her affidavit merely denotes the monetary values for four of the various categories of damages alleged and does not indicate that she intends to limit her damages to only the amounts claimed in her affidavit.  Consequently, her affidavit is legally insufficient to rebut the defendant's proffered evidence and demonstrate to a legal certainty that her recovery will not exceed the jurisdictional minimum.  Thus, the Court determines that the defendant has shown by a preponderance of the evidence that it is more likely than not that the plaintiff's claims will exceed $75,000, exclusive of interest and costs.

## VI.  CONCLUSION

Based on the foregoing analysis and discussion, the plaintiff's Motion to Remand is DENIED.

It is so **ORDERED**.

SIGNED at Houston, Texas this 10th day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge